# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30563
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

John S. Lee,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CR-120-1

———————————————————————

Before Jolly, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

John Lee conditionally pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and to one count of possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), reserving his right to contest the denial of his motion to suppress evidence. He challenges the district court's denial of his motion to

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

suppress evidence uncovered from a trash container as part of a "trash pull" at his residence.

For the denial of a suppression motion, we review factual findings for clear error and the constitutionality of law enforcement action de novo. *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). The evidence is viewed in the light most favorable to the prevailing party. *United States v. Alvarez*, 40 F.4th 339, 344 (5th Cir. 2022).

Lee argues that the district court erred by denying his motion to suppress because he manifested a subjective expectation of privacy in his trash container that was objectively reasonable. In *California v. Greenwood*, 486 U.S. 35, 37 (1988), the Supreme Court held that the Fourth Amendment does not prohibit "the warrantless search and seizure of garbage left for collection outside the curtilage of a home." Because Lee placed his trash container "in an area particularly suited for public inspection and, in a manner of speaking, public consumption, for the express purpose of having strangers take it," Lee could have "no reasonable expectation of privacy in the inculpatory items" that were discarded, whether located within the curtilage of his home or not. *Id.* at 40-41 (internal quotation marks and citation omitted). There is no error in the district court's ruling.

AFFIRMED.